## GEORGE FLETCHER *versus* THE COMMONWEALTH INSURANCE COMPANY.

The plaintiff obtained insurance against fire on his one story framed store, occupied by him, without disclosing the fact that it stood on the land of another person under a verbal agreement terminable, at the pleasure of such person, upon six months notice, neither was any inquiry made by the insurers in regard to his title. It was *held*, that there was not a concealment of a material fact, and that the policy therefore was not void.

ASSUMPSIT on a policy of insurance effected by the plaintiff for $ 800, viz. $ 150 on his one story framed store, situate on the Bucknam road in Medford, and occupied by him, and $ 650 on his stock in trade contained in the store. The store and stock in trade were consumed by fire on the 23d of February, 1835.

At the trial, before *Shaw* C. J., it appeared that the plaintiff applied at the defendants' office to procure insurance, and requested them to insure the above sums on his store and stock. No written application or representation was made or required ; and no other particulars in relation to the property were communicated to the defendants ; nor were any further inquiries made.

One Bucknam owned the land on which the store had been placed, and he had agreed that the plaintiff might move the store on to the land and keep it there, paying an annual rent, for five years, unless Bucknam should request him to remove it, in which case he should have six months' notice. There was no writing between Bucknam and the plaintiff in relation to the store or the land.

Upon this evidence it was contended, that facts material to the risk had been suppressed or not disclosed, which it was the duty of the assured to have disclosed, and that thereby the

policy was rendered void. But the Chief Justice instructed the jury, that it was not the plaintiff's duty to give a more particular representation of the nature of his interest, without inquiry being made of him ; that if the defendants wished for a more parti·ular description in this respect, it was their duty to inquire, in which case it would have been the duty .of the plaintiff to state trul, he nature of his interest ; but that u.der the circumstances above mentioned, there was no such misrepresentation as would avoid the policy.

A verdict was returned for the plaintiff, which the defendants moved to set aside on the ground that the instruction to the jury was erroneous.

*Oct. 21st.*     *Farley*, for the defendants, cited *Williams* v. *Delafield*, 2 Caines's R. 329 ; *Livingston* v. *Delafield*, 1 Johns. R. 522 ; *Hodgson* v. *Richardscn*, 1 W. Bl. 463 ; *Seaman* v. *Fonnereau*, 2 Str. 1183 ; *Macdowall* v. *Fraser*, 1 Doug. 260

*Aylwin* and *H. H. Fuller*, for the plaintiff, cited *Locke* v. *North Amer. Ins. Co.* 13 Mass. R. 61 ; *Curry* v. *Commonwealth Ins. Co.* 10 Pick. 535 ; *Tyler* v. *Ætna F. Ins. Co.* 12 Wendell, 572 ; *Dobson* v. *Sotheby*, 1 Moody & Malkin, 90 ; *Friedlander* v. *London Ass. Co.* 1 Moody & Rob. 171.

*Oct. 22d*     PUTNAM J. delivered the opinion of the Court. If the concealment was material, it will avoid the policy notwithstanding the assured did not intend to commit any fraud. And it is true that the materiality of the fact concealed is a question for the jury. These general principles are well established. But the assured may well be silent as to various matters connected with or having some relation to the property insured, without any prejudice to his insurance, provided that such silence was not intended to deceive or to defraud the under writer. *Aliud est celare, aliud tacere.* In the case at bar the defendants say, that the plaintiff withheld information which was material to the risk, and which, therefore, ought to have been communicated. And the fact so withheld is stated to be, that the plaintiff did not inform the defendants who owned the land on which the building stood. Now it seems to us very clear, that it was not necessary that he should. He stated his property in the building, goods, &c. &c. He stated in what town and street it stood. He stated every thing truly. And it

seems to us that if the defendants wanted any further information, they should have requested it. Now it is contended the land belonged to another, that there was a right reserved for the owner to cause the plaintiff to remove his store in a certain time, and as his tenure was such, he would be less careful of the property, and so the risk would be greater than it would be if the plaintiff owned the land as well as the building. We think this is more ingenious than substantial. I in truth the plaintiff owned the land upon which his building stood, it might be that he wished to have a new framed store instead of the old one, and it would be within the region of possibility that he would not be so likely to take as good care of the old one as he would if it were a new one ; and he might honestly omit to state his desire to substitute a new store for the old. But such a suggestion of such an omission, although quite as likely to affect the risk, could not be a foundation sufficient to support a verdict avoiding the policy for concealment It would, we think, be sufficient for the plaintiff to describe the property to be insured, as it then existed ; and if the defendants wished for more particular information, touching the risk to be assumed, and the motives, more or less strong, which would operate with the plaintiff in regard to the care he would take of the property assured, they should inquire.

This is the more equitable, because the law would require the plaintiff to take reasonable care of the property insured. He could not recover if it were proved that the fire was caused by his own fraud or neglect.

If the Chief Justice had left the cause to the jury with instructions to find for the defendants, if they should think there was a concealment material to the risk, and they had returned a verdict for the defendants upon that ground, we all think the verdict could not have been supported, upon the evidence produced. The fact is to be settled by the jury, but it must be upon legal and sufficient evidence ; and where the evidence is agreed, it is a question of law whether it be sufficient or not to establish the fact. Now the evidence is, that the plaintiff did not say whether he owned the land or not ; and it is not in our power to see how that varied the risk which the defendants assured against fire It would have been just as material to

Fletcher
*v.*
Common-
wealth Ins.
Co.

have stated on which side, east or west, of the street the house stood ; whether it were painted or not. In the latter case it probably could be said with truth, that if painted it would be more combustible than if it were not. But such objections would be vain ; and it seems to the Court that those which are now made to the instruction of the Chief Justice, cannot be maintained. Enough was truly represented to put the defendants upon their inquiries for more. The case of *Curry* v *Commonwealth Ins. Co.* 10 Pick. 535, and cases to which we have been referred, seem to us clearly to show that the proceeding at the trial was correct, and that the judgment should be entered for the plaintiff, according to the verdict.